UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT RADEMACHER,

                            Plaintiff,

v.                                                 Civil Action No. _____

THE BRACHFELD LAW GROUP, P.C.
and LVNV FUNDING, LLC,

                            Defendants.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), and 28 U.S.C. § 133.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Robert Rademacher, is a natural person residing in the County of Monroe and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, The Brachfeld Law Group, P.C. (hereinafter "Brachfeld") is a law firm organized as a limited liability partnership under the laws of the State of California and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant LVNV Funding LLC (hereinafter "LVNV") is a limited liability company organized and existing under the laws of the State of Delaware, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7.  The acts of the Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8.  Defendants regularly attempts to collect debts alleged to be due another.

9.  All references to either defendant herein shall mean said defendant or an employee of said defendant.

10. That at all relevant times herein, Brachfeld acted as agent-in-fact for LVNV, and acted within the scope of their agency.

## IV. FACTUAL ALLEGATIONS

11. That Plaintiff incurred a credit card obligation to Washington Mutual/Credit Max. This debt will be referred to as the "subject debt."

12. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

13. That Plaintiff defaulted on the subject debt.

14. That the subject debt was assigned to LVNV after Plaintiff's default.

15. That LVNV hired Brachfeld to attempt to collect the subject debt.

16. That on or about March 6, 2012, Defendant, Brachfeld, contacted Plaintiff's mother and disclosed Plaintiff's debt to her and asked her to pass a message along to Plaintiff to contact them.

17. That the following day Plaintiff contacted the Defendant per the message he received from his mother. That during this conversation, the Defendant indicated that they would be filing a lawsuit against the Plaintiff for this debt.

18. That despite Defendant's representations, they did not posses the requisite ability to pursue legal action against Plaintiff as upon information and belief, Defendant is not licensed to practice law in New York State.

19. That in addition, upon information and belief, the alleged debt was incapable of being enforced through a lawsuit as the statue of limitations on a breach of contract cause of action had lapsed.

20. That as a result of Defendants acts, Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

21. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 20 above.

    A.   The conduct of Defendant, Brachfeld, violated 15 U.S.C. §1692b(2) by disclosing Plaintiff's debt to his mother.

    B.   The conduct of Defendant, Brachfeld, violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(5) by stating that they were going to sue the Plaintiff.

    C.   Defendant, Brachfeld, violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(11) by instructing Plaintiff's mother to inform the Plaintiff that the Defendant called looking for him and to have the Plaintiff return Defendant Brachfeld's call.

22. That LVNV is vicariously liable for the acts of Brachfeld under the laws of agency.

23. That as a result of the Defendants FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for:

   (a) Actual damages;

   (b) Statutory damages pursuant to 15 U.S.C. §1692k.

   (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (e) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: May 10, 2012

                                                /s/ Seth J. Andrews
Kenneth R. Hiller, Esq.
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
        sandrews@kennethhiller.com